NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

LYNN SMITH,

   Appellant,

v.

MANASQUAN BANK,

   Appellee.

Civ. No. 18-14955

**OPINION**

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon the Appeal by Lynn Z. Smith ("Appellant") of an Order entered by the United States Bankruptcy Court for the District of New Jersey on October 3, 2018 denying a Motion to Compel Discovery. (U.S.B.C. Docket No. 17-34862, ECF No. 294.) Trustee Andrea Dobin opposes. (ECF No. 14.) The Court has decided this matter upon the parties' written submissions and without oral argument. For the reasons set forth below, Appellant's Appeal is denied.

## BACKGROUND

Appellant is the debtor in an ongoing bankruptcy proceeding. On August 16, 2018, Appellant filed a Motion to Compel Discovery of Trustee Auction Process. (U.S.B.C. Docket No. 17-34862, ECF No. 235.) That Motion stated that "there are matters to be cleared up involving the propriety of the Trustee's action in this matter" and described suspicions of conflicts of interest and other misconduct on the part of the Bankruptcy Trustee. (*Id.* at 2.) Before this Court, Appellant has suggested that the Motion was intended not to compel discovery *per se* but rather to remove the Trustee. (Stmt. of Issues at 2, ECF No. 7.) The Bankruptcy Court

1

denied the Motion on October 3, 2018. (U.S.B.C. Docket No. 17-34862, ECF No. 294.)

On October 15, 2018, Appellant filed the present Appeal challenging the Bankruptcy Court's Order. Appellant filed two Briefs, one on January 4, 2019 (ECF No. 10) and the other on January 22, 2019 (ECF No. 11).[1] Trustee Dobin filed an opposing Brief on February 21, 2019. (ECF No. 14.)[2] Appellant filed a Reply Brief on March 7, 2019. (ECF No. 15.) The Appeal is presently before the Court.

## **DISCUSSION**

This Court lacks jurisdiction to hear this interlocutory Appeal, so the Appeal is dismissed. 28 U.S.C. § 158(a) grants district courts jurisdiction to hear appeals "(1) from final judgments, orders, and decrees; (2) from interlocutory orders and decrees issued [modifying the time periods to submit a plan of reorganization, 11 U.S.C. § 1121]; and (3) with leave of the court, from other interlocutory orders and decrees."

In this case, the Order being appealed denied Appellant's request to question the propriety of the Trustee's conduct, or possibly to remove the Trustee. Such an order is not final under 28 U.S.C. § 158(a)(1). *See Truong v. Kartzman*, 513 F.3d 91, 94 (3d Cir. 2008) (finding an order "den[ying] appellants' request for a hearing concerning an alleged conflict of interest on the part of the trustee" was not final because "it was solely related to the conduct or progress of litigation before the bankruptcy court and did not dispose of any discrete claim or cause of action").

While an interlocutory appeal may be heard "with leave of the court" under § 158(a)(3), the Court will not grant leave in this case. Following the reasoning of 28 U.S.C. § 1292(b)—the

---

[1] Though the rules contemplate that Appellant file only one brief, *see* Fed. R. Bankr. P. 8014(a), the Court will accept both briefs as if they were presented as one.
[2] Appellee Manasquan Bank also filed a brief claiming that the present Appeal does not concern it. (ECF No. 13.)

statute addressing interlocutory appeals before a circuit court, *see* Hon. William L. Norton, Jr. et al., Norton Bankruptcy Law & Practice § 170:14 (3d ed., Oct. 2018 update) (stating that § 1292(b) provides guidance for bankruptcy cases)—an interlocutory appeal may be heard when "[the underlying] order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). In this case, Appellant has not shown that there is substantial ground for difference of opinion as to a controlling question of law. Additionally, the Court is not convinced that hearing this Appeal will help to terminate the litigation. Appellant has already filed multiple appeals from the Bankruptcy Court (*see* Docket Nos. 18-48, 18-14350, 18-14953), in some cases relitigating questions that had already been addressed (*compare* Op. at 7, Docket No. 18-48, ECF No. 74 (reiterating that the Bankruptcy Court cannot invalidate final judgments by New Jersey state courts), *with* Stmt. of Issues at 9, Docket No. 18-14953, ECF No. 7 (questioning the validity of a final judgment by a New Jersey state court)). Continuing to entertain interlocutory appeals will further prolong litigation. The more prudent course is to wait to hear an appeal with the benefit of the full record at the conclusion of Bankruptcy Court proceedings. 28 U.S.C. § 158(a) thus does not provide jurisdiction for this Appeal.

## CONCLUSION

For the foregoing reasons, Appellant's Appeal is denied. An appropriate Order will follow.

Date:  3/26/19                                          */s/ Anne E. Thompson*
                                                                    ANNE E. THOMPSON, U.S.D.J.